JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### Eastern Division

| | |
|---|---|
| Shobhana Rai, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>Monarch Recovery Management, Inc., First Financial Investment Fund III, LLC and John Does 1-25,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff  Shobhana Rai ("Plaintiff"), a California resident, brings this Class

Action Complaint by and through her attorneys, The Law Offices of Jonathan A.

Stieglitz, against Defendant Monarch Recovery Management, Inc.("Defendant

MRM"), and Defendant First Financial Investment Fund III, LLC ("Defendant First

Financial") individually and on behalf of a class of all others similarly situated,

pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon

information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION / PRELIMINARY STATEMENT

1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "Act" in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws … [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C.
§ 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction
over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as
this is where a substantial part of the events or omissions giving rise to the
claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of California
consumers under 15 U.S.C. § 1692 *et seq*., commonly known as the Fair
Debt Collections Practices Act ("FDCPA"); and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of California, County of San Bernardino,
residing at 2085 Lake Shore Drive, #B, Chino Hills, CA 91709.

8. Defendant MRM is a "debt collector" as the phrase is defined in 15 U.S.C.
§ 1692(a)(6) and used in the FDCPA, with an address at 3260 Tillman
Drive, Suite 75, Bensalem, PA 19020 and can be served process upon its
registered agent Cogency Global Inc. at 600 Wilshire Blvd., Suite 980, Los
Angeles, CA 90017.

9. Upon information and belief, Defendant MRM is a company that uses the
mail, telephone, and facsimile and regularly engages in business the

principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant First Financial is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 230 Peachtree Street, Suite 1700, Atlanta, GA 30303.

11. Upon information and belief, Defendant First Financial is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.  Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The class consists of:

a. all individuals with addresses in the State of California;

b. to whom Defendant MRM sent an initial  collection letter attempting to collect a debt;

c. on behalf of Defendant "First Financial";

      d.  that falsely and misleadingly states that the consumer must dispute

the alleged debt in writing to be effective;

      f.  which letter was sent on or after a date one (1) year prior to the

filing of this action and on or before a date twenty-one (21) days after

the filing of this action.

15. The identities of all class members are readily ascertainable from the

records of Defendants and those companies and entities on whose behalf

they attempt to collect and or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officers,

members, partners, managers, directors and employees of the Defendants

and their respective immediate families, and legal counsel for all parties to

this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which

common issues predominate over any issues involving only individual class

members.  The principal issue is whether the Defendant's written

communications to consumers, in the form attached as Exhibit "A", violates

15 U.S.C. §§ 1692e and 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based

upon the same facts and legal theories.  The Plaintiff will fairly and

adequately protect the interests of the Plaintiff Class defined in this

Complaint.  The Plaintiff has retained counsel with experience in handling

consumer lawsuits, complex legal issues and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit "A" violate 15 U.S.C. §1692e and §1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

# **FACTUAL ALLEGATIONS**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to January 22, 2020, an obligation was allegedly incurred to Applied Data Finance, LLC.

24. The Applied Data Finance, LLC obligation was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

25. The alleged Applied Data Finance, LLC obligation is a "debt" as defined by 15 U.S.C.  1692a(5).

26. Applied Data Finance, LLC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

27. Applied Data Finance, LLC sold the debt to Defendant First Financial who contracted Defendant MRM to collect the alleged debt.

28. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – January 22, 2020 Collection Letter*

29. On or about January 22, 2020, Defendant sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Applied Data Finance, LLC.  See a true and correct copy of the January 22, 2020 Letter attached hereto as Exhibit A.

30. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and

address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

(emphasis added)

31. The Letter, which in this case was the "G Notice," does not meet the required guidelines of the FDCPA because it falsely states the following, in the first sentence of the G-Notice:

"Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid."

32. Under U.S.C. § 1692g(a)(3) a debtor may dispute orally or in writing.

33. Accordingly, a debt validation notice that requires that a dispute in writing violates § 1692g(a)(3) of the FDCPA.

34. In stating the writing requirement Defendant falsely communicates the consumer's requirements under the FDCPA.

35. This false and inaccurate portion of the Letter is deceptive and misleading because it fails to advise Plaintiff of the proper method for exercising her validation rights under the FDCPA.

36. Plaintiff sustained an informational injury as she was not fully apprised of his rights and responsibilities necessary to properly exercise his options under §1692g.

37. Plaintiff effectively waived her rights to this statutorily available information because she was not properly informed of the "G-Notice" requirements set forth in the FDCPA.

38. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

39. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendant violated said section by:

    a. Making a false and misleading representation in violation of §1692e(10).

43. Due to the fact that Defendant's conduct violated Section 1692e et seq. of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

46. Pursuant to 15 U.S.C. §1692g, when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as the "G Notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

47. Defendant violated this section by deceptively misrepresenting the requirements of §§1692g(a)(3) in stating the requirement that the consumer must dispute <u>in writing</u> under the FDCPA.

48. Plaintiff sustained an informational injury as she was wrongfully misinformed that she needs to dispute the debt in writing.

49. Plaintiff was harmed due to the fact that she was misled into believing that she was required to dispute her debt in writing.

50. Due to the fact that Defendant's conduct violated Section 1692g et seq. of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Shobhana Rai, individually and on behalf of all

others similarly situated demands judgment from Defendant MRM and

Defendant First Financial as follows:

1.    Declaring that this action is properly maintainable as a Class Action

and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq. as

Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable

attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this

Court may deem just and proper.

Dated:  July 31, 2020                              Respectfully Submitted,

                                                                 THE LAW OFFICES OF
                                                                 JONATHAN A. STIEGLITZ

1

2          By:        /s/ Jonathan A Stieglitz
                    Jonathan A Stieglitz
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -